IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TRAVIS CLONINGER,

              Plaintiff,

v.                                        CIVIL ACTION NO. 3:20-0170

PRIMECARE MEDICAL, INC.;
MEDICAL ASSISTANT LYDIA MCNEELY;
NURSE LISA SUMMERS;
NURSE SUSIE CHRISTIAN;
JOHN/JANE DOE CORRECTIONAL OFFICERS; and
JOHN/JANE DOE MEDICAL PROVIDERS,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment (ECF No. 88). For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

This case arises from Plaintiff Travis Cloninger's receipt of medical care while an inmate at Western Regional Jail from June 5, 2019, to June 26, 2019. Plaintiff is a paraplegic who was assigned to the medical unit upon entry. Defendant PrimeCare Medical is the corporate medical provider contracted by the West Virginia Department of Correction and Rehabilitation to provide medical services to inmates housed in its facilities, including the Western Regional Jail. Defendants Nurses Summers and Christian are employees of PrimeCare who are assigned to treat inmates at the Western Regional Jail.

Plaintiff alleges that PrimeCare did not provide adequate equipment or adequate care to meet his needs as a paraplegic, resulting in his hospitalization on six separate occasions over this time period. Based on his allegations, Cloninger filed this action, asserting three causes of action: a claim under 42 U.S.C. § 1983 for deliberate indifference to Cloninger's serious medical needs in violation of the Eighth Amendment; a § 1983 claim for deliberate indifference to Cloninger's Eighth Amendment right to decent and humane conditions of confinement; and a discrimination claim under the Americans with Disabilities Act. Defendants moved for Summary Judgment, alleging that Plaintiff was unable to show evidence that supports a claim of deliberate indifference to Cloninger's serious medical care.[1]

Specifically, Defendants took issue with four of Plaintiff's allegations: (1) that Plaintiff was denied a hospital bed for 13 days; (2) that Plaintiff developed pressure sores because PrimeCare nurses did not timely and appropriately turn him; (3) that Plaintiff was forced to lie in his own feces because PrimeCare nurses refused to attend to him; and (4) that Plaintiff was denied several prescription medications. With respect to each of these instances, Defendants essentially argue that their own medical records detail extensive treatment that contradicts these allegations, and so deliberate indifference has not been shown, entitling them to judgment as a matter of law.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Defendants' Motion for Summary Judgment with respect to Count III will not be addressed because the Court dismissed that Count. *See* ECF No. 21.

249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Plaintiff alleges that Defendants unconstitutionally acted with deliberate indifference to his serious medical needs, violating his rights under the Eighth Amendment. Challenges to conditions of confinement by pretrial detainees are governed by the Fourteenth Amendment. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (*citing Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Accordingly, Plaintiff "can make out a violation at least where 'he shows deliberate indifference to serious medical needs under cases interpreting the Eighth Amendment.'" *Mays*, 992 F.3d at 300, (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

To set forth a prima facie case under the Eighth Amendment, "'a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison

conditions on the part of prison officials.'" *Salmons v. W. Reg'l Jail Auth.*, No. 3:18-1447, 2019 WL 5616916, at *5 (S.D. W. Va. Oct. 30, 2019) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations omitted)). The deliberate indifference standard contains both objective and subjective elements. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Objectively, a plaintiff must show he or she had a "serious" medical need—one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citation omitted). The plaintiff must also show the denial of medical care caused "a serious or significant physical or emotional injury" or "a substantial risk of such serious harm." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (citation omitted).

The subjective element requires the plaintiff to show "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "[I]t is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citations omitted). If the plaintiff establishes subjective knowledge, an official may avoid liability if he or she "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

In *Kingsley*, the Supreme Court added a layer of complexity to this framework, when it held that, in the context of an excessive force case, the plaintiff detainee did not have to show that the defendant officer acted with subjective intent. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Plaintiff argues that this Court should apply only the objective prong of the deliberate indifference

analysis to Plaintiff's claim. While the Fourth Circuit has not decided the issue, under either a pre- or post-Kingsley framework,[2] this Court finds that Plaintiff's evidence would withstand a motion for summary judgment. Thus, it is unnecessary to decide whether *Kingsley* states the applicable standard in a deliberate indifference claim.

Defendants concede that Plaintiff had a serious medical condition as a paraplegic. Defs. Mot. at 7. Defendants argue that the record cannot support an allegation of deliberate indifference. *Id*. at 7-14. However, for each piece of evidence that Defendants suggest proves there was no deliberate indifference, there is at least some record evidence disputing the contention, making summary judgment inappropriate. It is not the job of the court to resolve disputed facts nor weigh the evidence, nor make determinations of credibility. *See Russell v. Microdyne Corp.,* 65 F.3d 1229, 1239 (4th Cir.1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir.1986).

For example, regarding the allegation involving the denial of Plaintiff's prescriptions, Defendants contend that their expert's review of their own medical records, the Physicians' Orders, and Medication Administration Record establish conclusively that Plaintiff was given his medication. *See* Defs. Mot. at 8-9. However, in his deposition, Plaintiff alleges that he did not receive any of these medications during incarceration. *See* Cloninger Dep. 13-15. Further, Plaintiff contends that the medical records are inaccurate, and points to testimony from Defendant Nurse Christian that indicates that medical assessments were sometimes skipped, and information sometimes fabricated. *See* Christian Dep. 82. Similarly, a former PrimeCare health services administrator testified that nurses sometimes skipped medical assessments of prisoners and that she had disciplined nurses for doing so. *See* Mallory Dep. 52-54.

---

[2] *See, e.g., Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) (reserving the question of whether Kingsley's excessive-force-claim rationale extended to deliberate-indifference claims).

For the same reason, all the other contested issues cannot be resolved on summary judgment either. Plaintiff's other allegations of infection, falls, pressure sores, and being forced to lie in his own feces are only false if the Court were to accept as true Defendants' chart notes and medical records. Plaintiff has called into question the veracity of these notes, creating a genuine issue of material fact on the matter of deliberate indifference before the Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 88) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 13, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE